MARCUS J. YOUMANS, as Administrator with the Will Annexed of CONRAD C. MESICK, Deceased, et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 30716.)

MARCUS J. YOUMANS, as Administrator with the Will Annexed of CONRAD C. MESICK, Deceased, et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 30717.)

Argued April 14, 1955; decided July 8, 1955.

*Richmond D. Moot* for appellants.

*Jacob K. Javits, Attorney-General* (*Richard H. Shepp* and *Henry S. Manley* of counsel), for respondent.

In each claim the appeal from the judgment—which constitutes the appealable paper—dismissed, with costs, upon the ground that no substantial constitutional question is presented.

Concur: CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and BURKE, JJ.; VAN VOORHIS, J., dissents in part in the following opinion:

VAN VOORHIS, J. (dissenting in part). There appears to have been an issue of fact concerning whether the claimants or the State owned the lands upon the southerly side of the Troy-Schenectady State Road, which are claimed to have been appropriated by the State in 1949 without payment of compensation to the owners. Under such circumstances, I agree that no constitutional question is presented and that those appeals should be dismissed. It has been decided on conflicting evidence that those claimants did not own the lands which they contend were expropriated.

The situation is different, however, regarding the Conrad and Frank Mesick parcels (claims Nos. 30716, 30717) abutting the northerly side of this highway. The undisputed evidence shows, as it seems to me, that they owned land which was taken from them in 1949 without payment of compensation. Concededly, nothing was paid for the reason that the State took the position that it already had become the owner of the same land through an earlier condemnation proceeding conducted in 1907. Inasmuch as it appears as matter of law that these claimants owned these parcels, which were appropriated by the State in 1949 without payment of compensation, a substantial constitutional question is presented. Section 7 of article I of the State Constitution directs that " Private property shall not be taken for public use without just compensation." The evidence permits no other conclusion than that this is what has been done in the case of these two Mesick parcels. Consequently an appeal to this court may be taken as of right under section 7 of article VI of the Constitution and section 588 of the Civil Practice Act upon the ground that a constitutional question is directly involved.

The fact that these two parcels were owned by claimants and hence were expropriated by the State conclusively appears from the condemnation map filed in the 1907 proceeding. If these lands had been condemned in 1907 and were already owned by the State, there was no reason on account of which the State should again have taken proceedings to condemn them in 1949. The 1907 condemnation map (exhibit B in the present proceedings) contains a description by metes and bounds of the land which was condemned at that time, the location of which is also shown on that map. Some of the landmarks which are shown on the 1907 condemnation map also appear upon the condemna-

tion map of 1949. These established locations demonstrate that more land is being appropriated in 1949 (for which nothing has been paid) than was taken in 1907. Other evidence confirms this fact.

For these reasons, the judgments in the case of claims Nos. 30716 and 30717 should be reversed, and those claims should be remitted to the Court of Claims with directions to make suitable awards.

Appeals dismissed, etc.